IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR413-031
)
DANNY WAYNE SARVER, )
)
Defendant. )
)

# ORDER

Before the Court is Defendant Danny Wayne Sarver's Motion to Correct and Amend Judgment. (Doc. 47.) In the motion, Defendant seeks credit for the time he spent in state custody prior to being sentenced by this Court. (Id. at 2.) This request is based on the Court's recommendation to the Bureau of Prisons ("BOP") that Defendant be given credit for the time he spent in custody prior to being sentenced in federal court. (Id.)

In some cases, a defendant may receive credit for time spent in custody prior to the imposition of a federal sentence. However, 18 U.S.C. § 3585(b) prohibits a defendant from receiving credit against his federal sentence for time spent in custody where that time was also credited against another sentence.[1] In this case, the time Defendant spent in custody was

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence"." 18 U.S.C. § 3585(b) (emphasis added).

credited against a sentence imposed by the Chatham County Superior Court based on the revocation of Defendant's state parole. Therefore, crediting Defendant with the time he spent in custody, which was already credited against his state sentence, would run contrary to the express statutory language of § 3585(b).[2]

Moreover, Defendant's motion seeks the correction of a sentence pursuant to Federal Rule of Criminal Procedure 36. (Doc. 47.) However, Rule 36 permits only clerical corrections, not alterations to a criminal judgment that affect how a sentence is calculated. See United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003) ("Rule 36 can be used to correct "clerical" errors; it cannot be used . . . to make a substantive alteration to a criminal sentence."). For these reasons, Defendant's motion must be **DENIED**.

SO ORDERED this 11th day of December 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Moreover, this Court is unable to order the BOP to award Defendant the credit he seeks. The BOP, not this Court, ultimately determines whether a defendant should receive credit. See United States v. Wilson, 503 U.S. 329, 331-34 (1992) (holding that BOP determines credit issues, not district courts); United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (recognizing federal courts lack authority under § 3585 to order BOP to award credit).